IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD EVANS, | ] |
| Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 02-PT-3079-S |
| WARDEN BILLY MITCHEM and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ] |
| Respondents. | ] |

ENTERED
SEP 30 2004

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Ronald Evans, was convicted on October 20, 1999, in the Circuit Court of Jefferson County, of first degree robbery. He was sentenced to life imprisonment without the possibility of parole, pursuant to Alabama's Habitual Felony Offenders Act. On November 11, 1999, Evans filed a motion for a new trial. That motion was denied on November 29, 1999. The Alabama Court of Criminal Appeals affirmed Evans' conviction and sentence on August 18, 2000. Evans did not file a petition for rehearing. The certificate of judgment was issued on September 5, 2000. On March 22, 2001, Evans filed a motion to suspend the rules to allow him to file an application for rehearing. That motion was denied on March 27, 2001.

On December 5, 2001, Evans filed a Rule 32 petition in the Circuit Court of Jefferson County. The trial court denied the petition on January 8, 2002. On May 24, 2002, the

Alabama Court of Criminal Appeals affirmed the denial of Evans' Rule 32 petition. Evans filed a petition for a writ of certiorari on July 7, 2002, and the petition was denied on September 13, 2002. Evans filed the current petition for a writ of habeas corpus in this court on December 16, 2002. In support of his petition, Evans claims that: 1) he received ineffective assistance of counsel at trial; 2) he received ineffective assistance of counsel on appeal; and 3) he was denied due process because the trial court failed to give him prior notice of its intention to sentence him as a recidivist.

In response to the court's orders to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answers would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a document entitled "Petitioner's Answer to the Magistrate Judge['s] Order" and a "Supplemental Answer to Magistrate Judge's Order."

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

>Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Evans' conviction became final on September 5, 2000. The Alabama Court of Criminal Appeals affirmed his conviction and sentence on August 18, 2000, then issued the certificate of judgment on September 5, 2000. Rule 39 of the *Alabama Rules of Appellate Procedure* provides that a decision by the court of appeals may be reviewed by the Alabama Supreme Court upon a petition for writ of certiorari, "only after a court of appeals has overruled an application for rehearing directed to the point, issue, or decision complained of." Because Evans did not file a petition for rehearing, he had no right under Alabama law to have his conviction reviewed by the Alabama Supreme Court.

>Rule 13(1) of the United States Supreme Court Rules provides:
>
>Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

3

Since Evans did not have a judgment by the Alabama Supreme Court, the "state court of last resort," or an order by the Alabama Supreme Court denying discretionary review, he was not entitled to petition the United States Supreme Court for review of the Alabama Court of Criminal Appeals' affirmance of his conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, under these circumstances, Evans' conviction became final on September 5, 2000, the date the Alabama Court of Criminal Appeals issued its certificate of judgment, and the one-year limitations period began to run that day. Thus, he had until September 4, 2001, to file his habeas petition in this court.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Evans did file a Rule 32 petition in state court, that petition was not filed until December 5, 2001, three months after the one-year limitations period expired on September 5, 2000. The fact that the petitioner successfully filed a Rule 32 petition after the expiration of the one-year period for filing in federal court did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
> Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations.

4

>   *See, e.g., Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

5

The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
> In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g., Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers); *Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling);

6

*Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

The petitioner argues that he is entitled to equitable tolling of the limitations period. In support of his argument, Evans offers the following:

> That Petitioner asserts that after he received a letter from the Alabama State Bar The Disciplinary Commission, which were [sic] submitted in the original answer as Exhibit "A", which petitioner received August 13, 2001, and Attorney Keith Edward Harmon forward[ed] petitioner's trial transcript, briefs filed in the court on or about September, 20[0]1.

Evans maintains that he is entitled to equitable tolling because of "the extraordinary circumstances that are both beyond his control and unavoidable even with due diligence."

The Eleventh Circuit Court of Appeals has held that "[m]ere attorney negligence does not justify equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999) and *Justice v. United States*, 6 F.3d 1474, 1480 (11th Cir. 1993)(*quoting Irwin v. Dept. of Veterans Affairs*, 498 U.S. at 96, 111 S. CT. 453 ("principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect")). Thus, the fact that Evans' attorney did not file an application for rehearing until six months after the certificate of judgment was issued ,or the

7

fact that he did not send copies of the file to Evans until September, 2001, do not amount to extraordinary circumstances needed to equitably toll the statute of limitations.

Evans has also failed to establish that he acted with due diligence. Evans should have known the factual basis for his ineffective assistance of trial counsel claim and his due process claim from the day he was sentenced. Likewise, Evans should have known the basis for his ineffective assistance of appellate counsel claim shortly after his conviction was affirmed on appeal. The record reflects that Evans was informed by letter dated September 18, 2000, from the clerk of the Alabama Court of Criminal Appeals, that his conviction had been "affirmed by memorandum on August 18, 2000 and became final when the certificate of judgment was issued on September 2, 2000." By letter dated January 10, 2001, Evans was informed by his attorney Keith Harmon that Harmon had not received a copy of the notice that Evans' conviction had been affirmed, and had just discovered that a memorandum opinion had been certified in September, 2000. Harmon stated in the letter that he intended to file an out-of-time motion for rehearing of Evans' appeal within the week. On March 7, 2001, Evans wrote a letter to Mr. Harmon, asking for a copy of his entire file. On May 17, 2001, Evans wrote a letter to the clerk of the Court of Criminal Appeals, inquiring into the status of his motion to suspend the rules and allow him to file an out-of-time application for rehearing. By letter dated May 21, 2001, the clerk of the Court of Criminal Appeals informed Evans that the motion had been denied on March 27, 2001. On June 5 and 26, 2001, Evans again wrote to Mr. Harmon asking that Harmon send him a copy of his entire file. On July 19, 2001, Evans wrote to the Alabama State Bar, complaining that Mr. Harmon had failed to provide him with his "entire file." On August 13, 2001, the Disciplinary

Commission of the Alabama State Bar sent a letter to Mr. Harmon, requesting that he forward the requested documents to Evans. Evans claims that he received the requested documents in September, 2001. Evans raised the same claims in his Rule 32 petition that he raises in this petition. Evans should have been aware of these claims by May 21, 2001, when he learned that his motion for an out-of time rehearing had been denied on March 27, 2001. He certainly could have filed a Rue 32 petition in state court at that time, resulting in the limitations period being tolled at that point. However, Evans neglected to do so, instead waiting until December 5, 2001 to file a Rule 32 petition. Evans offers no explanation for why he waited until December 5, 2001 to file Rule 32 petition. The fact that Evans did not receive copies of the trial transcript and briefs from his appeal until September, 2001, is irrelevant since they were not necessary to present the type of claims Evans raises here. Under such circumstances, the court cannot find that Evans acted with due diligence.

The limitations period expired on September 4, 2001. Evans did not file his petition in this court until December 16, 2002. Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 30 day of September, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE